UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCVNGR, Inc. d/b/a LevelUp<br><br>                    Plaintiff,<br><br>v.<br><br>DailyGobble, Inc. d/b/a Relevant<br><br>                    Defendant. | Civil Action No.<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

1.  Plaintiff SCVNGR, Inc. d/b/a LevelUp ("LevelUp") is a Boston-based technology startup that created a platform for one-touch, secure mobile payments with integrated consumer rewards and loyalty redemption. The LevelUp platform, and the mobile applications that integrate to the LevelUp platform, enable consumers to initiate payment for goods and services securely, and to earn and redeem merchant-offered rewards automatically, simply by presenting a code, such as a quick-response code ("QR code") on a smartphone display, to a merchant's retail point of sale terminal. LevelUp's system employs proprietary methods and technology conceived, created and developed by LevelUp, including but not limited to the methods and devices claimed in U.S. Patent No. 8,924,260 ("the '260 patent").

2.  DailyGobble, Inc. d/b/a Relevant ("Relevant") competes directly with LevelUp in the market for branded mobile applications that enable consumers to earn and redeem merchant-offered rewards in connection with traditional point of sale purchases. Since 2015, Relevant's business has been to engage in copying and misappropriation of LevelUp's intellectual property. In January 2016, LevelUp obtained a judgment that Relevant infringed twelve claims of

LevelUp's U.S. Patent No 8,639,619 patent ("the '619 patent") in connection with a mobile payment feature of an application Relevant built and provided for a New York-based restaurant chain called Le Pain Quotidien, Inc. ("LPQ"). That Judgment issued in action Civ. No. 6:15-cv-00493-JRG-KNM (E.D. Tex., Jan. 14, 2016)) ("Texas Action"). In or about February 2016, Relevant launched a mobile application for CMG Holding Company, LLC d/b/a CilantroMex ("CilantroMex"), a Rhode Island-based restaurant chain, including the same mobile payment feature found to infringe the '619 patent. Relevant's continuing infringement of the '619 patent in violation of the Court's injunction order are now the subject of a pending motion for contempt sanctions in the Texas Action. The CilantroMex mobile application provided and supported by Relevant also includes additional and distinct features that infringe LevelUp's '260 patent.

3. LevelUp brings this action for Patent Infringement, and for Tortious Interference with Contract, against Relevant in order to enjoin, preliminarily and permanently, the use, sale, and offer for sale by Relevant of any applications, services, systems, or products that employ or practice the methods or devices claimed in LevelUp's '260 patent, and to recover damages to LevelUp's business including lost sales and other damages, but in any event no less than a reasonable royalty. LevelUp also seeks an award of enhanced damages for Relevant's knowing and willful infringement of the '260 patent.

## THE PARTIES

4. SCVNGR, Inc., d/b/a LevelUp ("LevelUp"), is a Delaware corporation with its principal place of business at One Federal Street, 6th Floor, Boston, MA 02110.

5. DailyGobble, Inc. d/b/a Relevant ("Relevant") is a Delaware corporation having its principal place of business at 31 E. 32nd Street, Suite 502, New York, NY 10017.

//

**JURISDICTION AND VENUE**

6. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

7. This Court has subject matter jurisdiction over LevelUp's claim for Patent Infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a), and jurisdiction over LevelUp's state law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the District of Rhode Island pursuant to 28 U.S.C. §§ 1391(b) and (c).

9. This Court has personal jurisdiction over Relevant.

10. A substantial portion of the acts giving rise to this claim for patent infringement occurred within the state of Rhode Island and this judicial district. The infringing mobile app launched by Relevant for CilantroMex is marketed to, and used by, consumers at seven CilantroMex restaurant locations within Rhode Island (and one located in Syracuse, New York). CilantroMex is organized as a Rhode Island LLC, with a registered agent located in Barrington, Rhode Island. LevelUp's claims for patent infringement, and its related state law claims, therefore arise out of and relate directly to Relevant's transaction of business in Rhode Island.

**ADDITIONAL GENERAL ALLEGATIONS**

11. Prior to 2015, the mobile applications developed, distributed, and supported by Relevant included functionality enabling a consumer to earn, track, and redeem rewards in connection with a traditional retail payment transaction, but did not include any integrated mobile payment transaction functionality.

12. Beginning in late 2014 or early 2015, Relevant began copying LevelUp's patented secure mobile payment technology. In or about January 2015, Relevant launched a consumer

mobile application branded for Le Pain Quotidien, Inc. ("LPQ"), a New York-based restaurant chain, that included an integrated mobile payment feature copied from LevelUp. In January 2016, a United States District Court entered judgment against Relevant finding that the mobile payment feature included in Relevant's LPQ app infringed twelve claims of LevelUp's '619 patent. That Court awarded LevelUp damages and entered an injunction ordering Relevant to cease all further infringement of the '619 patent.

13. Following the entry of that injunction, however, Relevant refused to cease distributing and supporting the infringing LPQ App. Relevant's continued infringement in violation of the injunction order is the subject of a pending motion for contempt sanctions.

14. On October 17, 2013, LevelUp entered into a contractual agreement with CilantroMex for the design, development, and hosting of a mobile payments and rewards application including the patented technology claimed in LevelUp's '619 and '260 patents. In or about late 2015, Relevant made an offer to CilantroMex to provide CilantroMex with a new mobile application employing LevelUp's patented technology without license or permission. In or about February 2016, Relevant launched its infringing mobile application for CilantroMex, and CilantroMex terminated its relationship with LevelUp.

15. The Relevant mobile application for CilantroMex employs the secure mobile payment technology that has been determined to infringe LevelUp's '619 patent. Relevant's continuing infringement of the '619 patent, and its violation of the January 14, 2016 injunction, by releasing and supporting the CilantroMex application is now also the subject of a LevelUp's pending request for the Texas Court to hold Relevant in contempt.

16. In addition to Relevant's continuing infringement of the '619 patent, the Relevant mobile app for CilantroMex additionally infringes at least four claims of LevelUp's '260 patent

as alleged herein. Relevant's past and continuing infringement of the '260 patent has been, and continues to be, knowing and willful. On information and belief, Relevant is continuing to infringe LevelUp's '260 patent by offering, selling, and support mobile applications and related services for additional clients that embody and practice the '260 patent claims.

### COUNT I - INFRINGEMENT OF U.S. PATENT NO. 8,924,260

17. LevelUp hereby incorporates all prior paragraphs of this complaint.

18. The '260 patent, entitled "*Dynamic Ingestion and Processing of Transactional Data at the Point of Sale*." was issued to Seth Priebatsch by the United States Patent and Trademark Office ("Patent Office") on December 30, 2014. The patent issued from application no. 14/172,163, filed on February 4, 2014. LevelUp is the owner by assignment of all right, title, and interest to and in the '260 patent. A copy of the '260 patent is attached hereto as Exhibit 1.

19. Relevant infringes at least claims 1-2, and 11-12 of the '260 patent pursuant to one or more of 35 U.S.C. § 271 (a)-(c), directly and/or indirectly by inducing and/or contributing to infringement, literally and/or under the doctrine of equivalents, including through the production, distribution, use, offer for sale, and sale of branded merchant mobile applications, and related services and point of sale software (together, the "accused Relevant system"), that enable consumers to initiate secure payments at a merchant's point of sale by displaying a QR code or other code.

20. The Relevant mobile application provided for CilantroMex, and the related services and point-of-sale terminal software is an example of the accused Relevant system.

21. Relevant distributes the CilantroMex application through the Apple iTunes and Google Play online stores.

22. The CilantroMex application enables customers to initiate a secure payment at a

CilantroMex location, and redeem and accrue merchant-offered rewards automatically, through a single scan of a QR code displayed on the customer's mobile device screen.

23. The CilantroMex application can be used to initiate secure payments at seven CilantroMex locations in Rhode Island, and one in New York.

24. The QR code displayed in the CilantroMex application encodes a stream of data that is conveyed from a credential reader (i.e., an optical scanner) to the point-of-sale terminal that begins with the data sequence "REL" (a first data sequence) and ends with the identical data sequence "REL" (a second data sequence).

25. On information and belief, Relevant directly copied this system from LevelUp and the '260 patent. The LevelUp mobile application for CilantroMex utilized a QR code that encoded a stream of data conveyed from an optical scanner to the point-of-sale terminal that began with the data sequence "LU" (a first data sequence) and ended with the identical data sequence "LU" (a second data sequence).

26. Between the first and second data sequences, the QR code displayed in the current Relevant CilantroMex application, as part of the accused Relevant system, encodes a transaction data sequence, such as a six-character numeric string.

27. In the accused Relevant system, Relevant software in the point of sale terminal, upon recognizing the first data sequence, handles the transaction data according to a stored processing protocol and transmits the data to a Relevant server in order to complete payment for the point of sale transaction.

28. On information and belief, the accused Relevant system also infringes some or all of claims 3-8 and/or 13-14 of the '260 patent.

29. On information and belief, Relevant has offered to provide the accused Relevant

system, and to create branded mobile applications similar to the CilantroMex mobile app for, and provide similar services to, other entities.

30. LevelUp has been damaged and continues to be damaged directly by Relevant's infringement of the '260 patent.

31. As a consequence of the infringement set forth herein, LevelUp has been and continues to be irreparably harmed, and will continue to be immediately and irreparably harmed unless this Court enjoins Relevant from further acts of infringement.

32. On information and belief, Relevant is aware of the existence of the '260 patent, and Relevant's infringement of the '260 patent has been and continues to be willful.

**COUNT II – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

33. LevelUp hereby incorporates all prior paragraphs of this complaint.

34. In or about 2015, LevelUp was engaged in a contractual relationship with CilantroMex for the support and hosting of a CilantroMex-branded mobile application.

35. At all times relevant hereto, defendant Relevant was aware of LevelUp's contractual relationship with CilantroMex.

36. Relevant interfered intentionally and improperly with LevelUp's contractual agreement with CilantroMex including by offering to provide a mobile application to CilantroMex that included technology misappropriated by Relevant from LevelUp, including technology that infringes the LevelUp '260 patent and '619 patent.

37. Relevant was motivated to interfere with LevelUp's contract with CilantroMex by malice toward LevelUp, including because of LevelUp's then-pending patent infringement lawsuit against Relevant.

38. Relevant's intentional and improper interference cause CilantroMex to terminate its

contractual relationship with LevelUp in 2016.

39. LevelUp has suffered damages as a result of Relevant's intentional and improper interference including the loss of revenue resulting from the terminated contract.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff LevelUp requests that this Court:

a) Enjoin preliminarily Relevant from making, using, selling, or offering to sell products and services that infringe the '260 patent;

b) Enter judgment in favor of LevelUp on all counts of this Complaint,

c) Enter judgment that the '260 patent has been and is infringed by Relevant;

d) Enjoin permanently Relevant from making, using, selling, or offering to sell products and services that infringe the '260 patent;

e) Award LevelUp damages in an amount to be determined at trial, together with pre- and post-judgment interest;

f) Award LevelUp enhanced damages pursuant to 35 U.S.C. §§ 284 and 285;

g) Award LevelUp its attorney fees and the costs of this action; and

h) Award such other relief as the Court deems proper;

## DEMAND FOR JURY TRIAL

LevelUp demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: March 18, 2016

/s/Rachelle R. Green
Rachelle R. Green [5870]
DUFFY & SWEENEY, LTD.
1800 Financial Plaza
Providence, RI 02903
Phone: (401) 355-0700
Fax: (401) 455-0701
Email: Rgreen@duffysweeney.com


*Of Counsel*:
Brian C. Carroll (*pro hac vice pending*)
SCVNGR, INC. D/B/A LEVELUP
One Federal Street, 6th Floor
Boston, MA 02110
Phone: (617) 233-4167
Fax: (617) 812-1276
Email: Brian@thelevelup.com

9

# EXHIBIT 1
# U.S. PATENT NO. 8,924,260