UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| SCVNGR, INC. d/b/a LEVELUP )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DAILYGOBBLE, INC. d/b/a RELEVANT,)<br>    Defendant. )<br>)  | C.A. No. 1:16-cv-00134-M-LDA |

**ORDER**

Plaintiff SCVNGR, Inc. d/b/a/ LevelUp ("LevelUp") has moved to strike the expert declaration of Defendant DailyGobble, Inc. d/b/a/ Relevant ("Relevant"). ECF No. 65. This Court's Joint Pretrial Scheduling Order (ECF No. 53) required the parties to disclose their proposed claim constructions and supporting extrinsic evidence by May 2, 2017. Despite this deadline for disclosing extrinsic evidence—which includes expert testimony—Relevant first identified its expert declaration on May 23, 2017, in its opening claim construction brief. This expert declaration supports Relevant's position that three claims in United States Patent No. 8,924,260 are indefinite, as outlined in Relevant's Preliminary Claim Constructions and Preliminary Identification of Extrinsic Evidence submitted on May 4, 2017. LevelUp, as a result of this untimely disclosure, asks the Court to strike the proffered declaration of Relevant's expert.[1]

---

[1] Relevant appears to assume, and LevelUp does not argue to the contrary, that the expert declaration falls within the purview of Fed. R. Civ. P. 26(a)(2) and, therefore, subject to the sanctions of Fed. R. Civ. P. 37(c)(1). Rule 26(a)(2), however, only includes witnesses a party "may use at trial." And courts have almost

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Cruz v. Bristol-Myers Squibb Co., PR*, 699 F.3d 563, 570 (1st Cir. 2012) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). As such, this Court possesses "broad authority" to impose sanctions for a litigant's failure to comply with a scheduling order. *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 38 (1st Cir. 2002).

LevelUp entreats the Court to strike the expert declaration, claiming prejudice in the form of a delay in the claim construction process. Indeed, violating a scheduling order will necessarily result in a delay because it will push back deadlines. What is more, the parties have already submitted their opening claim construction briefs. On the other side of the coin is justification or, in this case, lack thereof. LevelUp rightly points out that Relevant has not even hazarded a reason for the delayed disclosure. *Cf. Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003) (considering lack of justification, inter alia, in upholding expert preclusion). In fact, the only mention of the delay comes in the facts section, where Relevant simply says that it engaged the expert on May 19, 2017. Accordingly, Relevant has not only failed to show good cause, it has also failed to show any cause. *Cf. Tower Ventures,*

---

uniformly interpreted this language to exclude experts used at a hearing. *See In re Regions Morgan Keegan Sec., Derivative & Erisa Litig.*, No. 09-MD-2009MAV, 2012 WL 12840260, at *3 (W.D. Tenn. Jan. 4, 2012) (collecting cases). Nevertheless, this Court imposed a scheduling order that was violated, so Relevant is subject to sanctions under Fed. R. Civ. P. 16(f)(1)(C).

*Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("[V]iolation of a scheduling order may be excused if good cause exists for the offender's failure to comply.").

Deadlines have to mean something. Deadlines, importantly, allow courts to effectively administer their dockets. *See Torres v. Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007). When a litigant openly flouts a court's scheduling order—as Relevant most certainly did—that litigant impedes the court's ability to manage its docket and unfairly surprises, or at the very least delays, the other side. Now, this Court is forced to push the other deadlines in the Scheduling Order back further.[2] Lastly, adopting Relevant's position would render the deadline for disclosing extrinsic evidence meaningless—because Relevant essentially believes that disclosing extrinsic evidence in an opening claim construction brief should always be okay, since it never prejudices the other side. The Court rejects this line of reasoning.

For the reasons stated herein, LevelUp's Motion to Strike (ECF No. 65) is GRANTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

Date: August 3, 2017

---

[2] The Court, no matter what, bears the brunt of Relevant's bad actions because extrinsic evidence, like an expert declaration, is meant to aid the Court in the claim construction process. While this tool is generally of less significance, it may nonetheless be elucidating. *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1290 (Fed. Cir. 2015).

3